NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0160n.06
No. 20-3980

**UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 25, 2021
DEBORAH S. HUNT, Clerk

TONG CHEN,

     Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

     Respondent.

)
)
)
)
)
)
)
)
)
)
)

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

BEFORE:     GIBBONS, COOK, and LARSEN, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. The Board of Immigration Appeals (BIA) denied Tong Chen's motion to reopen his immigration proceedings because it concluded that Chen's motion was barred by 8 U.S.C. §§ 1229a(c)(7)(A) and 1229a(c)(7)(C)(i), which limit when and how many times a petitioner may file a motion to reopen his proceedings. In his petition for review of the BIA's decision, Chen argues that his motion to reopen falls within the "changed country conditions" exception to § 1229a's so-called time and number requirements. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). Because we find that the BIA did not abuse its discretion in denying Chen's motion, we deny Chen's petition for review.

Chen, a native and citizen of the People's Republic of China, entered the United States in 2000 seeking asylum. After Chen failed to appear at his first removal hearing, an immigration judge issued an order for Chen's removal. Upon learning of this *in absentia* removal order, Chen re-applied for asylum and, in the alternative, withholding of removal under 8 U.S.C. § 1231(b)(3)

and the Convention Against Torture. The immigration judge granted Chen a new hearing to pursue these claims.

At his hearing, which was held in 2010, Chen alleged that he could not safely return to China because he was a practicing Christian facing religious persecution in his home country. After considering the evidence, the immigration judge denied Chen's application for asylum because it was untimely. She also denied Chen's motion for withholding of removal because she concluded that Chen's claim of persecution was not credible. Chen appealed, and the BIA dismissed his appeal because it concluded that the immigration judge's credibility finding was not clearly erroneous and Chen had failed to carry his burden on his claims for asylum and withholding of removal. In 2016, Chen filed a motion to reopen the proceedings, and the BIA denied his petition. Chen's second motion to reopen the proceedings in 2018 ended with the same result.

This case arises out of the denial of Chen's third motion to reopen the BIA proceedings, filed in 2019. Typically, a motion to reopen must be filed within ninety days of the final administrative order of removal, and a petitioner may file only one such motion. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). Under these general rules, Chen's motion would clearly be barred; it was filed almost eight years after the BIA's original decision and it is his third motion. But, as with almost every rule, there are exceptions. Chen argues that one of these exceptions—which allows for late and duplicitous motions when there are "changed country conditions in the country of nationality"—applies in his case because recent reports have claimed that the Chinese government is sanctioning "organ harvesting" from Christians and other religious adherents. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA found that Chen could not take advantage of the changed-country-conditions exception for two reasons. First, Chen had not shown that organ harvesting was not happening at

the time of his original hearing in 2010, so he had no proof that circumstances in China had changed. *See Zhang v. Holder*, 702 F.3d 878, 880 (6th Cir. 2012) ("A petitioner seeking to reopen a hearing after the 90-day timeline must show that conditions in the country to which the petitioner will be removed have materially changed . . . ."). Second, Chen had not established a prima facie claim for asylum and withholding of removal. *See id.* ("Once a petitioner establishes changed country conditions, she must then establish a *prima facie* claim . . . for obtaining asylum or withholding of removal.").

We review the BIA's denial of Chen's motion to reopen for abuse of discretion. *Trujillo Diaz v. Sessions*, 880 F.3d 244, 248 (6th Cir. 2018). "We will find an abuse of discretion if the BIA's denial 'was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.'" *Id.* (quoting *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005)).

Even assuming that Chen could prove changed country conditions, the BIA did not abuse its discretion in concluding that Chen failed to establish a prima facie claim of entitlement to asylum or withholding of removal. To satisfy his prima facie burden, Chen need not make a "conclusive showing" that he is entitled to relief. *Id.* at 249 (quoting *Vata v. Gonzales*, 243 F. App'x 930, 947 (6th Cir. 2007)). Instead, he must "present evidence that 'reveals a reasonable likelihood that the statutory requirements for relief have been satisfied.'" *Id.* at 249–50 (quoting *Alizoti v. Gonzales*, 477 F.3d 448, 452 (6th Cir. 2007)). This evidence must "relate to [Chen] individually, not to the population generally." *Harchenko v. INS*, 379 F.3d 405, 410 (6th Cir. 2004) (quoting *Dokic v. INS*, 999 F.2d 539, 1993 U.S. App. LEXIS 19027, at *5 (6th Cir. 1993) (table)). Thus, for his asylum claim, Chen bears the burden of showing a reasonable likelihood that he has a "well-founded fear of persecution" in China. *See* 8 U.S.C. § 1101(a)(42). For his

withholding-of-removal claim under 8 U.S.C. § 1231(b)(3), he must show a reasonable likelihood that his "life or freedom would be threatened" on account of his Christianity. And for his withholding-of-removal claim under the Convention Against Torture, he must demonstrate a reasonable likelihood that he would be tortured at the hands of (or with the consent of) a public official. *See* 8 C.F.R. §§ 208.16(c)(2), 208.18(a)(1).

To support his claim that he is eligible for asylum or withholding of removal, Chen submitted an affidavit claiming that he is at risk of having his organs harvested if he returns to China, photos and records to bolster his claim that he is a practicing Christian, a copy of a House Resolution condemning the practice of organ harvesting in China, and two news articles discussing organ harvesting in China.[1] We assume for the purposes of this motion that Chen could prove that he is a practicing Christian. *See Trujillo Diaz*, 880 F.3d at 252 (holding that the BIA's role in adjudicating a motion to reopen is like that of a court reviewing a motion for summary judgment, meaning that the BIA must accept "reasonably specific facts" as true (citation omitted)); *see also Dieng v. Barr*, 947 F.3d 956, 963 (6th Cir. 2020) (expressing concern that summary judgment may be the wrong analogy but recognizing that panels of this court are currently bound to continue to apply *Trujillo Diaz*). We also assume that Chen could prove that organ harvesting is happening in China and that some Christians have been victims. *See Trujillo Diaz*, 880 F.3d at 252.

Even with the benefit of these assumptions, however, Chen has not shown that there is a reasonable likelihood that he—as an individual—will be persecuted or tortured if he returns to China. As the BIA noted, Chen's evidence states that the majority of organ harvesting victims have been Falun Gong practitioners, not Christians. While some of his evidence also suggests that

---

[1] Chen also submitted a copy of the summary of the 2018 U.S. National Defense Strategy and an article discussing that strategy, but he has not explained how the U.S. defense strategy—which does not mention organ harvesting or oppression of Christians in China—would change his likelihood of persecution.

Christians have been targeted, one of the news articles quotes a spokesperson for a charity who had "never heard Christians were targeted" and who believed that if Christians were victimized, it was "by chance." AR 97, WorldWatch Monitor Article. Additionally, all of the sources that Chen cites are from 2016, and there is no evidence in the record that this practice was ongoing at the time Chen filed his motion to reopen in 2019. Finally, none of Chen's evidence indicates whether organ harvesting has ever taken place in Chen's home province, Fujian. Without more evidence showing that Chen himself would be reasonably likely to become a victim of organ harvesting if he returns to China, we cannot say that the BIA's decision that Chen did not carry his prima facie burden was irrational, "inexplicably departed from established policies, or rested on an impermissible basis."[2] *See Trujillo Diaz*, 880 F.3d at 248 (citation omitted); *cf. Qiu v. Sessions*, 870 F.3d 1200, 1200–01, 1204 (10th Cir. 2017) (granting a petition for review when the petitioner submitted "numerous articles" containing statistics on the increasing persecution of Chinese Christians, a report from the U.S. Commission on International Religious Freedom that noted that there had been an "'alarming increase in systematic, egregious, and ongoing abuses' against Christians," and evidence that officials had "made threatening statements" about the petitioner and persecuted her mother for her beliefs).

Accordingly, we deny Chen's petition for review.

---

[2] Although both of the news articles attached to Chen's motion reference comprehensive reports about organ harvesting in China—which would presumably include more information regarding the extent to which Christians were targeted, whether this practice was likely to continue in the future, and where it was occurring—Chen did not attach those reports to his motion, instead relying on his two-page affidavit, two short news articles, and a bare-bones House Resolution.